UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESTGATE RESORTS LTD., et al.,<br><br>Plaintiffs,<br>v.<br>Reed Hein & Associates, LLC, doing business as Timeshare Exit Team, et al.,<br>Defendants,<br>v.<br>In re Schroeter, Goldmark, & Bender PS,<br>Third-party Subpoena Recipient | No. 2:19-mc-00058-RSL<br><br>Underlying Case: Middle District of Florida, 6:18-cv-01088-GAP-DCI<br><br>**STIPULATED MOTION TO TRANSFER CASE TO ORIGINATING COURT (MIDDLE DISTRICT OF FLORIDA)**<br><br>**NOTE ON MOTION CALENDAR:**<br>**June 18, 2019** |

Pursuant to Rule 45(f) of the Federal Rules of Civil Procedure and in accordance with LCR 7(d)(1) and 10(g), the Plaintiffs Westgate Resorts, Ltd., et al. ("Westgate"), and the non-party, Schroeter, Goldmark, & Bender PS ("SGB"), file this Stipulated Motion to Transfer SGB's Non-Party Motion to Quash, Or, In the Alternative, to Modify the Plaintiffs' Subpoena to Produce Documents ("Motion to Quash") (Dkt. 1) to the originating Court.

Page 1 of 5

40406450.1
102424589.1 0070368-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1. SBG filed this action pursuant to its Motion to Quash a subpoena for documents served by Westgate that originated from the above-referenced and underlying civil action pending in the United States District Court for the Middle District of Florida (the "Florida Case"). The Motion was filed in this Court pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure.

2. SGB, a Washington law firm, was formerly a defendant in the Florida Case represented by the same Florida attorneys initiating this action through local counsel. SGB has since been dismissed with prejudice from the Florida Case.

3. Westgate claims that its subpoena seeks documents relevant to its claims in the Florida Case against Reed Hein & Associates, LLC, d/b/a Timeshare Exit Team ("TET"), for alleged false, misleading, and deceptive advertising and tortious interference with Westgate's contracts with timeshare owners who use TET's timeshare "exit" services, including communications with law firms such as SGB.

4. Through its Motion, SBG seeks to quash or modify Westgate's subpoena generally on two grounds: (1) that it is overly broad and imposes an undue burden on SGB; and (2) that it seeks documents SGB contends are protected by the attorney-client and/or work product privileges, pursuant to assertions by SGB of having rendered legal services for timeshare owners who were customers of TET and who authorized TET as their attorney-in-fact to retain SGB as legal counsel on their behalf.

5. Since this action was commenced, counsel for Westgate and SGB have conferred by telephone on several occasions and resolved all issues raised by the Motion except for the claims of privilege, which they agree would most effectively and efficiently be resolved in the Florida Case because:

   a. The district judge in the Florida Case, Hon. Gregory Presnell, has previously addressed privilege issues raised by both SGB and TET to withhold discovery sought by another

40406450.1
102424589.1 0070368-00001

Page 2 of 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

timeshare company. *See Orange Lake County Club, Inc., et al. v. Reed Hein & Assocs., LLC, et al.,* Case No. 17-cv-1542-Orl-31DCI (M.D. Fla.) ("*Orange Lake*").[1]

    b. SGB is actively defending claims asserted against it in a third civil action against TET pending before Judge Presnell, *Wyndham Vacation Ownership, Inc. et al v. Reed Hein & Assocs. LLC*, Case No. 18-cv-02171-ORL-31DCI. SGB anticipates asserting similar claims of privilege in that case and likely requiring a ruling from Judge Presnell.

    c. In addition to the three above-referenced civil actions pending against TET, Judge Presnell, as well as Magistrate Judge Daniel C. Irick, have presided over other civil actions brought by timeshare companies including Westgate against other timeshare "exit" companies or law firms allegedly retained on behalf of timeshare owners over the past two years. As such, they have become intimately familiar with the various facts, claims, defenses, and discovery issues arising from this particular "brand" of litigation, as well as many of the applicable parties and their attorneys, including the undersigned.

6. Accordingly, Westgate and SGB respectfully submit the transfer of SGB's Motion to Quash to the Middle District of Florida would further the interests of judicial economy and protect against the possibility of inconsistent rulings by consolidating all of SGB's claims of privilege before a single court that has previously addressed some of the same or similar issues and likely will do so again in another pending case.

7. Westgate and SGB further submit that the transfer of SGB's Motion to Quash to the originating Court is appropriate pursuant to Rule 45(f) of the Federal Rules of Civil Procedure. As the party subject to the subpoena, SGB, consents to the transfer; the parties are currently represented by Florida counsel both in this matter and in other cases pending in the Middle District of Florida. Therefore, no prejudice would result from the transfer of these proceedings to that originating Court.

---

[1] SGB was also dismissed with prejudice in *Orange Lake* pursuant to a confidential settlement arising from a joint mediation of *Orange Lake* and the Florida Case.

40406450.1
102424589.1 0070368-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

Page 3 of 5

WHEREFORE, Westgate and SGB respectfully move for the entry of an Order by this Court transferring this miscellaneous action to the Middle District of Florida to permit a ruling by that originating Court on all unresolved issues raised by SGB's Motion to Quash. Pursuant to LCR 3(i), the parties understand that the transfer of this miscellaneous action to another district shall become effective 14 days after the date the order is filed.

Respectfully submitted this 18th day of June, 2019.

| KLINEDINST PC | GREENSPOON MARDER LLP |
|---|---|
| /s/ Gregor A. Hensrude<br>Gregor A. Hensrude<br>WSBA No. 45918<br>Stephanie D. Olson<br>WSBA No. 50100<br>701 Fifth Ave., Ste. 1220<br>Seattle, WA 98104<br>Telephone: (206) 685-7701<br>ghensrude@glinedinstlaw.com<br>solson@klinedinstlaw.com | /s/ Richard W. Epstein<br>Richard W. Epstein<br>(admitted *pro hac vice*)<br>Brian R. Cummings<br>(admitted *pro hac vice*)<br>201 East Pine St, Suite 500<br>Orlando, Florida 32801<br>Telephone: (407) 425-6559<br>Facsimile: (407) 209-3152<br>Richard.Epstein@gmlaw.com<br>Maria.Salgado@gmlaw.com<br>Brian.Cummings@gmlaw.com<br>Moneka.Simpson@gmlaw.com |
| **KLEIN GLASSER PARK & LOWE, P.L.** | **STOEL RIVES LLP** |
| Houston S. Park III<br>Florida Bar No. 958492<br>Robert M. Klein<br>Florida Bar No. 230022<br>Lelia M. Schleier<br>Florida Bar No. 0107019<br>9130 S. Dadeland Blvd., Suite 2000<br>Miami, FL 33156<br>Telephone: (305) 670-3700<br>parkh@kgplp.com<br>kleinr@kgplp.com<br>schleierl@kgplp.com<br><br>*Counsel for NonParty Schroeter Goldmark & Bender, P.S.* | *Vanessa S. Power*<br>Vanessa Soriano Power<br>WSBA No. 030777<br>600 University Street, Suite 3600<br>Seattle, WA 98101<br>Telephone: 206.624.0900<br>Facsimile: 206.386.7500<br>vanessa.power@stoel.com<br><br>*Counsel for Plaintiffs* |

40406450.1
102424589.1 0070368-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

Page 4 of 5

## ORDER

Pursuant to stipulation, the request for transfer to the U.S. District Court for the Middle District of Florida is granted.

**SO ORDERED** this 19th day of June, 2019.

_/s/ Robert S. Lasnik_
Honorable Robert S. Lasnik
UNITED STATES DISTRICT JUDGE

40406450.1
102424589.1 0070368-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

Page 5 of 5