# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WESTGate RESORTS LTD,**

      **Plaintiff,**

**v.**                                                                   **Case No:   6:19-mc-34-Orl-31DCI**

**REED HEIN & ASSOCIATES, LLC,**

      **Defendant.**

## ORDER

This Matter comes before the Court on the Plaintiff's Motion to Compel and for Sanctions (Doc. 52); the Response and Motion to Stay (Doc. 54) filed by Schroeter, Goldmark & Bender, P.S. ("SGB"); and the Response (Doc. 57) filed by the Plaintiff.

The subject of the instant dispute is a group of documents that SGB maintains are privileged. On April 29, 2020, this Court entered an Order (Doc. 51) overruling SGB's objections and confirming the magistrate judge's ruling that SGB failed to demonstrate that the documents in its privilege logs were indeed privileged. SGB seeks an emergency stay of that Order pending the resolution of a related Petition for Writ of Mandamus now pending in the Eleventh Circuit.

"In order to be entitled to a stay, Defendant must demonstrate: 1) that it is likely to prevail on the merits of appeal; 2) that absent a stay, it will suffer irreparable harm; 3) that the Plaintiffs will not suffer substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, No. 2:12-CV-443-FTM-29CM, 2014 WL 12617769, at *1 (M.D. Fla. May 12, 2014). If there is a "substantial case on the merits" and the balancing of equities weighs heavily in favor of the stay, a court may grant the stay even if the defendant fails to show a likelihood of success. *Garcia-Mir v.*

*Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). A writ of mandamus can only succeed if the party seeking relief shows that its right to that relief is "clear and indisputable." *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017).

As the Court's Order of April 29, 2020 indicated, SGB failed to uphold its burden of showing that the documents in question were privileged. Nothing in SGB's instant Motion remedies that failure. Because SGB has never articulated why the particular documents it seeks to protect are privileged, it is not likely to prevail on appeal. SGB appears to realize this, arguing instead that it has demonstrated "at least a 'substantial case' on the merits." Doc. 190 at 9. But SGB has not done that here, either. Conclusory statements about privilege, devoid of any connection to the categorical privilege logs, do not create a substantial case on the merits.

Accordingly, SBG's Motion (Doc. 54) is **DENIED**. For the same reasons, the Plaintiff's Motion to Compel (Doc. 52) is **GRANTED**. The Court reserves ruling on the issue of sanctions. SGB is hereby **ORDERED** to produce the documents no later than 4:00 PM EDST on June 17, 2020, unless the Eleventh Circuit orders otherwise.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 3, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party